**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 92-1931**
**Summary Calendar**
_____


**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**CAROL C. PEELER,**

**Defendant-Appellant.**

_____

Appeal from the United States District Court
for the Northern District of Texas
(3:92-CA-847-G & 3:89-CR-028-G)
_____

(January 19, 1994)

Before DAVIS, JONES and DUHÉ, Circuit Judges.[*]

PER CURIAM:

Defendant Carol Peeler was the president of Hillcrest Securities and the vice-president of Hillcrest Equities when the various Hillcrest entities came under investigation by the Internal Revenue Service in 1984.  Peeler retained Darrell Jordan of the Hughes & Luce law firm to represent her in the ongoing investigation and any criminal and/or civil proceedings it might spawn.

---

[*]Local Rule 47.5 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."  Pursuant to that Rule, the Court has determined that this opinion should not be published.

In December 1985, Bill Alexander, an Assistant U.S. Attorney assisting the IRS in its investigation, allegedly offered Jordan transactional immunity for Peeler in exchange for her cooperation with the investigation.[1] Jordan did not inform Peeler of the offer and -- not surprisingly -- did not contact Alexander within the time stipulated. As a result, Alexander made the same offer to another Hillcrest principal who immediately accepted. By late January 1986, Alexander's offer of immunity to Peeler had been withdrawn.

Peeler was indicted on January 31, 1989, and charged with one count of conspiracy to defraud the United States and seventeen counts of willfully aiding and assisting in the filing of false income tax returns. Pursuant to a plea agreement, Peeler pled guilty in March 1989 to a single count of willfully aiding and assisting in the filing of a false return. She was sentenced to probation for five years and fined $100,000.

In April 1992, Peeler moved for postconviction relief pursuant to 28 U.S.C. §2255 (1988) on the basis that Jordan's *preindictment* failure to inform her of the immunity offer deprived Peeler of her Sixth Amendment right to effective assistance of counsel. Upon reference from the district court, the magistrate judge issued a report recommending that the requested relief be denied. The magistrate judge concluded that Peeler had no right to

---

[1] Whether or not an offer of immunity was actually made is sharply disputed. In a related malpractice action still pending in state court, Alexander testified that the offer was clear and unequivocal, while Jordan testified that no such offer of immunity was made. The magistrate found it unnecessary to decide the factual disputes in denying defendant's motion for postconviction relief.

counsel prior to indictment and thus could have no right to effective assistance prior to that date. The district court adopted the magistrate judge's findings and conclusions and denied the motion; from this denial Peeler appeals. Our de novo review leads us to affirm the district court's denial of postconviction relief.

It is well-established that where there is no constitutional right to counsel there can be no deprivation of effective assistance. Wainwright v. Torna, 455 U.S. 586, 587-88 (1982). The relevant inquiry then becomes whether Peeler had a Sixth Amendment right to counsel over three years prior to her indictment. However, a defendant's right to counsel attaches only once adversary *judicial* proceedings are initiated against her. See Kirby v. Illinois, 406 U.S. 682, 688 (1972). The district court properly concluded that adversary judicial proceedings did not commence until January 31, 1989, when Peeler was indicted.[2] Even taking as true all of Peeler's allegations, she has failed to state a claim for deprivation of effective assistance of counsel since she had no constitutional right to counsel prior to indictment.

On appeal, Peeler also seeks relief on the basis that Jordan's failure to inform her of the immunity offer constituted a deprival of due process under the Fifth Amendment. We need not reach the merits of this independent basis for relief since Peeler raised this argument for the first time in her objections to the

---

[2] Adversary judicial criminal proceedings may be initiated through formal charge, preliminary hearing, indictment, information or arraignment. See McNeil v. Wisconsin, 111 S.Ct. 2204, 2207 (1991).

3

magistrate's report.  Because the due process argument was not properly before the district court, this court will not address it. See United States v. Armstrong, 951 F.2d  626, 630 (5th Cir. 1992).

For the foregoing reasons, we **AFFIRM** the district court's ruling.